UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMAZ ASMELASHE,<br>　　　　Plaintiff,<br>　v.<br>LEE GUESS,<br>　　　　Defendant. | Case No. 21-cv-03018-JSC<br><br>**SCREENING ORDER PURSUANT TO 28 U.S.C. § 1915**<br><br>Re: Dkt. No. 1 |

This matter arises from Almaz Asmelashe's encounters with her landlord, Lee Guess. Ms. Asmelashe, proceeding *in forma pauperis* and without representation of counsel, filed the instant complaint against Mr. Guess. (*See* Dkt. No. 1.) The Court previously granted Ms. Asmelashe's application to proceed in forma pauperis. (Dkt. No. 8.) The Court must now review the complaint's allegations under 28 U.S.C. § 1915. Because Ms. Asmelashe's complaint does not establish a basis for federal subject matter jurisdiction, pursuant to 28 U.S.C. § 1915(e)(2) the Court gives Ms. Asmelashe the opportunity to amend the complaint.

**COMPLAINT ALLEGATIONS**

Ms. Asmelashe has resided at the apartment she rents from Mr. Lee for 3 years. (Dkt. No. 1 at 1.) On September 2, 2019 at 10:57 p.m., Mr. Lee visited Ms. Asmelashe at her apartment demanding owed rent. (*Id.* at 3.) According to the complaint, due to a court stipulation Ms. Asmelashe's rent was not due until October 1, 2020. (*Id.*) Mr. Lee is evicting Ms. Asmelashe because she will not pay her rent, as requested by him, in cash; the complaint alleges that the parties' rental agreement does not contemplate that she must pay rent in cash, and that because Ms. Asmelashe has failed to do so Mr. Lee has filed an unlawful detainer action against her. (*Id.*) Since June 3, 2019, Ms. Asmelashe has faced difficulties in paying her rent, and Mr. Lee will not

provide a receipt for the rent that Ms. Asmelashe has paid. (*Id.*) The complaint alleges that Mr. Lee is attempting to take advantage of Ms. Asmelashe in part because she was not born in the United States. (*Id.* at 4.)

Mr. Lee "banged on [Ms. Asmelashe's] door loudly and demanding rent" on the following dates: June 3, 2019 at 12:47 a.m.; July 4, 2019 at 11:13 p.m.; August 3, 2019 at 12:07 a.m.; September 2, 2019 at 10:37 p.m.; October 6, 2019 at 11:28 p.m.; and November 3, 2019 at 10:07 p.m. (*Id* at 4-5.) Mr. Lee has made statements to Ms. Asmelashe such as "[T]his is my property, I can throw you and your children out whenever I want," and "You must need some sex or something how you are acting." (*Id.* at 4.) Two days after moving into her apartment unit, Ms. Asmelashe contacted various municipal agencies regarding the rodent problems in her unit. (*Id.* at 5.) Additionally, Ms. Asmelashe has dealt with Mr. Lee disrespecting her regarding rent payments in front of other tenants, and she alleges that Mr. Lee never gave her a receipt for her move-in deposit or, as of March 26, 2020, a copy of the signed lease agreement. (*Id.* at 5-6.)

The complaint alleges that Mr. Lee "had [the] tenant at" a neighboring apartment unit "harass[]" Ms. Asmelashe regarding a trash can and that the tenant has stolen Ms. Asmelashe's mail in order to "force [her] out" of the apartment complex. (*Id.* at 6.) Mr. Lee had another tenant threaten Ms. Asmelashe in front of her daughter with the same intention of forcing her to move. (*Id.*) This conduct—along with threats from Mr. Lee's "conspiracy partners" to hurt her children—resulted in Ms. Asmelashe moving her children to a family member's home, and filing 2 restraining orders to protect herself from Mr. Lee and any orders he may issue to others "to hurt [Ms. Asmelashe]." (*Id.* at 6-7.)

## LEGAL STANDARD

A court must dismiss an *in forma pauperis* complaint before service of process if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face. 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) parallels the language of Federal Rules of Civil Procedure 12(b)(6) regarding dismissals for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). The complaint therefore must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S.

2

544, 555–57 (2007). While a court must construe a pro se plaintiff's complaint liberally, *see Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984), it may not add to the factual allegations in the complaint, *see Pena v. Garnder*, 976 F.2d 469, 471 (9th Cir. 1992). Litigants unrepresented by counsel remain bound by the Federal Rules and Local Rules of this District. *See* Civil L.R. 3-9(a).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. A claim "arises under" federal law only if a "well-pleaded complaint" alleges a cause of action based on federal law—"an actual or anticipated defense" does not confer federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

**DISCUSSION**

Ms. Asmelashe's complaint does not establish a basis for federal subject matter jurisdiction. The complaint is titled "Illegal Conviction," and Ms. Asmelashe elsewhere sets forth what appear to be claims for general and punitive damages, "Pain and Suffering," "Intentional Extreme Emotional Distress," "Sexual Harassment," and "Force Other To Harm Plaintiff So She Would Move" in addition to requests for "[Future] Medical" and "Any future medical problem, cause by the unsafe environment on the property." (Dkt. No. 1 at 2, 7.) The complaint further alleges that Mr. Guess violated her "Quiet Enjoyment" and recites California Civil Code § 1941.1. (*Id.* at 2-3.) The complaint's recitation of these state law claims does not provide "a federal question . . . on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1331. Additionally, while in its "Statement of Facts" the complaint recites each paragraph of factual allegations as a "Cause of Action," these factual allegations are not claims. (*See* Dkt. No. 1.) The complaint pleads an amount in controversy, $800,000.00, that exceeds the amount required in order for the Court to exercise diversity jurisdiction; however, there is nothing to indicate that there is complete diversity

3

of citizenship between the parties. *See* 28 U.S.C. § 1332(a)(1). Given that Ms. Asmelashe alleges Mr. Guess is her landlord, it is likely he is also a California resident—thus defeating the diversity of citizenship required for this court to exercise jurisdiction over the action pursuant to 28 U.S.C. § 1332(a)(1).

## CONCLUSION

For the reasons described above, the complaint does not establish on what basis the Court may exercise federal subject matter jurisdiction over Ms. Asmelashe's action. Ms. Asmelashe is given 30 days to file an amended complaint. In doing so, she should: set forth the complaint's allegations in separate numbered paragraphs and set forth each claim in separate numbered paragraphs, and specify what facts and claims—if any—provide a basis for this Court to exercise federal subject matter jurisdiction. *See* 28 U.S.C. § 1332(a)(1); 28 U.S.C. § 1331.

The Court encourages Ms. Asmelashe to seek free assistance from the Northern District's Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102. In light of the ongoing COVID-19 pandemic, Ms. Asmelashe should make a telephone appointment by calling (415) 782-8982.

**IT IS SO ORDERED.**

Dated: June 1, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge